Opinion filed July 12,
2012


 
 
 
 
 
 
 





                                                                      
In The

                                                                             


  Eleventh
Court of Appeals

                                                                  
__________

 

                                                        
No. 11-10-00186-CV

                                                   
__________

 

                          
EDDIE E. GODFREY ET AL., Appellants

 

                                                            
V.

 

           
CHESAPEAKE EXPLORATION, L.L.C. ET AL., Appellees



 

                                  
On Appeal from the 413th District Court

 

                                                         
Johnson County, Texas

 

                                               
Trial Court Cause No. C2005 00551

 



 

                                           
M E M O R A N D U M   O P I N I O N

 

           
This appeal involves the construction of an oil and gas lease and three
documents involving pooling under that lease.  The issue is whether the
lease has terminated as to 84.07 acres or whether that acreage remains bound by
the lease pursuant to the pooling designations.  Alleging that the lease
had terminated as to the disputed acreage, the lessors:
Eddie E. Godfrey, individually, and Eddie E. Godfrey and Jay Ranley Godfrey, co-trustees of the Emmitt I. Godfrey
Marital Trust (Godfrey), sued various defendants.  Appellees[1] were the only defendants remaining in the
suit at the time of the trial court’s judgment.  By agreement of the
parties, the trial court conducted “a trial on stipulated facts” to resolve the
issues relating to the expiration of the lease.  The trial court
determined that the lease remained in full force and effect and that the pooled
units were properly created under the terms of the lease.  The trial court
subsequently held a bench trial, found that the disputed acreage had not been
pooled in bad faith, and entered a final take-nothing judgment against
Godfrey.  In a single issue on appeal, Godfrey asserts that the lease has expired
as to the disputed 84.07 acres and that the trial court erred in concluding as
a matter of law that the Kasal-Godfrey Unit, which
includes the disputed acreage, was properly formed.  We affirm.  

           
The relevant facts from the parties’ agreed stipulation of facts and the
exhibits attached thereto show that Godfrey and the original lessees entered
into an oil and gas lease in 1997.  The primary term of the lease, with
extensions, expired on October 17, 2004.  The lease contained provisions for
partial termination—terminating as to any acreage that was not allocated to a
well in connection with the formation of a unit under the lease.  Godfrey
retained all surface rights, denying ingress and egress to the lessee, but
Godfrey bestowed upon the lessee the right to drill and operate subsurface
directional wells.  Thus, pooling was required under the terms of the
lease.  The lease provided that “the leased premises are to be utilized
solely for pooling purposes.”  With respect to pooling, the lease provided
that, to exercise its pooling rights, the lessee must “file of record a written
declaration describing the unit and stating the effective date of
pooling.”  The lease further provided:

Pooling in one or more instances shall not
exhaust Lessee’s pooling rights hereunder, and Lessees shall have the recurring
right but not the obligation to revise any unit formed hereunder by expansion
or contraction or both, either before or after commencement of production . . .
.  To revise a unit hereunder, Lessee shall file of record a written
declaration describing the revised unit and stating the effective date of
revision. 

A
Designation of Pooled Unit (DPU) creating the Abbott Unit was executed prior to
the expiration of the primary term of the Godfrey lease and, on October 1,
2004, was filed for record in the county clerk’s office.  The Abbott DPU,
with a stated effective date of September 28, 2004, pooled all of the 269.184
acres that were subject to the Godfrey lease with 52.71 acres adjacent to and generally
south of the Godfrey lease.  Operations on the Abbott Unit were promptly
commenced and continued until a horizontal gas well began producing in paying
quantities on February 11, 2005.

The
second DPU at issue in this case created the Kasal-Godfrey
Unit; it was executed on March 1, 2005, had a stated effective date of February
23, 2005, and was filed for record on March 10, 2005.  The Kasal-Godfrey DPU purported to create a pooled unit
consisting of 84.07 acres of the Godfrey lease and 84.07 acres of adjacent
property to the north of the Godfrey lease. Operations on the Kasal-Godfrey Unit were promptly commenced and continued
until a horizontal gas well began producing in paying quantities on June 17,
2005.

The
third DPU, an amended DPU for the Abbott Unit, was executed on March 11, 2005,
and filed for record on March 21, 2005.  The amended Abbott DPU removed
from the Abbott Unit the 84.07 acres of the Godfrey lease that had been
included in the Kasal-Godfrey Unit by the Kasal-Godfrey DPU.  Like the original Abbott DPU, the
amended Abbott DPU had a stated effective date of “September 28, 2004.”

Godfrey’s
argument centers on the effective date of the amended Abbott DPU.  Godfrey
argues that, because the amended DPU had a retroactive effective date of
September 28, 2004, the 84.07 acres were not included in the Abbott Unit when
the primary term of the lease expired on October 17, 2004.  Godfrey argues
that the lease had, therefore, terminated as to the 84.07 acres prior to the
execution and filing of the Kasal-Godfrey DPU. 
We cannot agree with Godfrey’s contention.  

           
An oil and gas lease is a contract, and its terms are interpreted as
such.  Tittizer v. Union Gas Corp., 171 S.W.3d 857, 860 (Tex. 2005). 
The construction of an unambiguous lease is a question of law for the court,
whose primary duty is to ascertain the parties’ intent as expressed within the
lease’s four corners.  Anadarko Petroleum Corp. v.
Thompson, 94 S.W.3d 550, 554 (Tex. 2002); Luckel
v. White, 819 S.W.2d 459, 461 (Tex. 1991).  Although the lease
at issue in this case provides that the lessee shall file of record a
designation stating the effective date of the pooling or of the revision, the
lease contains no provision authorizing the effective date of any such
designation to be retroactive.  

The
amended Abbott DPU cannot be read to retroactively remove the 84.07 acres from
the Kasal-Godfrey Unit, nor can the stated effective
date of the amended Abbott DPU change history.  On the actual date of
October 17, 2004, the Godfrey lease, including the 84.07 acres, was held in
effect by the Abbott Unit pursuant to the original Abbott DPU.  Later, but
prior to the execution and filing of the amended Abbott DPU, the 84.07 acres
were pooled into the Kasal-Godfrey Unit pursuant to
the Kasal-Godfrey DPU.  The trial court did not
err in construing the lease or the DPUs, in concluding that the lease did not
terminate as to the 84.07 acres on October 17, 2004, or in concluding that
the lease remains in full force and effect.  Godfrey’s sole issue is
overruled.  

           
The judgment of the trial court is affirmed.  

 

 

                                                                                               
JIM R. WRIGHT

                                                                                               
CHIEF JUSTICE

 

July 12, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J. 














[1]Appellees are Chesapeake Exploration, L.L.C.; Chesapeake Energy
Corporation; TLW Investments, Inc.; Chesapeake Investments, L.P.; Chesapeake
Sigma, L.P.; Chesapeake Energy Marketing, Inc.; and EnCana Oil & Gas (USA)
Inc.